# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Israel Romero, ) | |
| ) | Civil Action No. 7:20-cv-04344-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Allwell from Absolute Total Care and ) | |
| Thomas Stephens, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff Israel Romero ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, alleges fraud and unfair trade practices under various state and federal laws by Defendants Allwell from Absolute Total Care ("Allwell") and Thomas Stephens ("Stephens"). (ECF No. 27 at 3.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report I") filed on January 18, 2021 (ECF No. 16), which recommends the court dismiss Plaintiff's Motion for Summary Judgment (ECF No. 15) as premature. The court also considers the Magistrate Judge's subsequent Report and Recommendation ("Report II") (ECF No. 27) which recommends the court dismiss Plaintiff's Amended Complaint (ECF No. 23) for lack of subject matter jurisdiction. (*Id*. at 4.) Plaintiff filed an Objection to Report I on February 11, 2021 (ECF No. 18), and to Report II on April 8, 2021 (ECF No. 30).

    For the reasons set forth herein, the court **ACCEPTS** Report I (ECF No. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 15) and **ACCEPTS** Report II (ECF No. 27) and **DISMISSES** the federal law claims under the Fair Debt Collection Practices Act ("FDCPA"),

the Fair Credit Reporting Act ("FCRA"), and all state law claims in Plaintiff's Amended Complaint (ECF No. 23) without prejudice.[1]

## I. PROCEDURAL BACKGROUND

On December 15, 2020, Plaintiff filed a civil action against Allwell, Upstate Carolina Radiology, PA, and Receivable Management Group, Inc., alleging numerous state and federal law claims and claiming diversity between two of the parties.[2] (ECF No. 1 at 3-4.) On January 6, 2021, the Magistrate Judge directed Plaintiff to bring his case into proper form within twenty-one (21) days (ECF No. 8 at 2). At this time, the Magistrate Judge also directed the Clerk of Court to delete Defendant Allwell's Answer to Plaintiff's complaint because it was filed prematurely. (*Id.* at 1.)

On January 26, 2021, Plaintiff filed a Motion for Summary Judgment against Defendant Allwell. (ECF No. 15.) The Magistrate Judge issued a Report and Recommendation ("Report I") recommending Plaintiff's Motion for Summary Judgment be dismissed on January 28, 2021, explaining the Motion was premature because service of Plaintiff's Complaint had not yet been authorized and the court's review of the Complaint was ongoing (ECF No. 16 at 3). Plaintiff filed an Objection to Report I on February 11, 2021. (ECF No. 18.) Plaintiff primarily objected to the dismissal of his Motion for Summary Judgment as premature, claiming "the issue of prematur[ity] is not supported by law or authority" and asserting he has "six legitimate causes of action" which he supported with facts. (ECF No. 18 at 17-18.)

Pursuant to an Order and Amendment Notice filed on February 18, 2021 (ECF No. 20 at 10-11), Plaintiff filed his Amended Complaint on March 4, 2021 (ECF No. 23). The Amended Complaint includes only state law claims for fraud and unfair trade practices against Defendant

---

[1] All other federal claims in Plaintiff's Amended Complaint, including those under the Medicare and Medicaid Acts and various federal criminal statutes are dismissed with prejudice.
[2] The original Complaint lists Allwell as a citizen of California and Receivable Management Group, Inc. as a citizen of Georgia. (ECF No. 1 at 3-4.)

2

Allwell and names a new Defendant, Thomas Stephens ("Stephens"). (*Id.*) Plaintiff claims both Allwell and Stephens are citizens of South Carolina (*Id.* at 3), which differs from Plaintiff's assertion in his original Complaint that Allwell is a citizen of California. (ECF No. 1 at 3.) Plaintiff's Amended Complaint, therefore, no longer alleges Defendants are completely diverse. (ECF No. 23 at 3.) Upon review, the court takes judicial notice that Allwell's parent, Absolute Total Care, Inc. is incorporated in, and therefore a citizen of, South Carolina.[3]

On March 25, 2021, the Magistrate Judge issued a Report and Recommendation (Report II) recommending the case be dismissed (ECF No. 27 at 1) because the Amended Complaint failed to state a federal claim for relief. (*Id.* at 3.) Plaintiff then filed an Objection to Report II on March 4, 2021. (ECF No. 30.)

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. See *Diamond v. Colonial Life*

---

[3] The South Carolina Secretary of State lists Absolute Total Care, Inc. as a South Carolina corporation in good standing. *See* Absolute Total Care, Inc., S. C. SEC'Y OF STATE BUS. ENTITIES ONLINE, https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/3f99509e-fa41-42d2-924f-3d41d415372e (last visited Sept. 16, 2021).

Allwell from Absolute Total Care appears to be part of Absolute Total Care, Inc., which is a wholly owned subsidiary of Centene Corporation. About Us, ABSOLUTE TOTAL CARE, https://www.absolutetotalcare.com/about-us.html (last visited Sept. 16, 2021). According to its latest filings with the Securities and Exchange Commission, Centene Corp. is incorporated in Delaware and lists its primary business address in St. Louis, Missouri. Centene Corp, SEC EDGAR FILING TRACKER, https://sec.report/CIK/0001071739 (last visited Sept. 16, 2021).

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

### B. Review of *Pro Se* Filings under 28 U.S.C. § 1915

Plaintiff brings this action under 28 U.S.C. § 1915, the *in forma pauperis* statute. As such, the District Court may dismiss this case if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). "This standard encompasses complaints that are either legally *or* factually baseless." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (emphasis in original). As a *pro se* litigant, the plaintiff's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990). In other words, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller*, 901 F.2d at 391.

Finally, a plaintiff's amended complaint fully replaces the original complaint and renders the original complaint "of no legal effect." *Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000).)

### C. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition

of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011). When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

#### A. The Magistrate Judge's Review

In Report I, the Magistrate Judge recommended Plaintiff's Motion for Summary Judgment be denied as premature. (ECF No. 16 at 3.) The Magistrate Judge pointed out service of the Complaint had not yet been authorized, and therefore, the court was still in the process of reviewing Plaintiff's case under 28 U.S.C. § 1915. Subsequently, Plaintiff filed his Amended Complaint. (ECF No. 23.)

Upon review, Report II determined Plaintiff's Amended Complaint abandoned the federal claims cited in his original Complaint. (ECF No. 27 at 3.) Specifically, the Report found Plaintiff's Amended Complaint made no reference to his prior allegations under the Medicare Act, the Medicaid Act, the Fair Debt Collection Practices Act, or the Fair Credit Reporting Act. (*Id*.)

The Magistrate Judge therefore determined that Plaintiff only alleged two causes of action arising under state law: (1) fraud and (2) unfair trade practices under the South Carolina Unfair Trade Practices Act ("SCUTPA"). (*Id*.)  In light of these changes, the Magistrate judge recommended the dismissal of Plaintiff's abandoned claims. (*Id*.)

The Magistrate Judge also recommended the court "abstain from exercising jurisdiction" over Plaintiff's remaining state law claims under the four statutory factors of 28 U.S.C. § 1367(c), which permit the court to decline to exercise supplemental jurisdiction under certain circumstances. (*Id*. at 4).

Given Plaintiff's opportunity to correct the defects in his original complaint, the Magistrate Judge recommended Plaintiff's federal claims be dismissed with prejudice and without leave for further amendment, while his state law claims be dismissed without prejudice. (*Id*.)

### B. **Plaintiff's Objections**

Plaintiff objected to both Report I (ECF No. 18) and Report II (ECF No. 30). Plaintiff objects to the denial of his Motion for Summary Judgment on the following grounds: First, Plaintiff alleges the denial of his Motion for Summary Judgment was improper, because it should instead have been "rejected or deleted for [being] premature." (ECF No. 18 at 7.) Second, Plaintiff claims his Motion for Summary Judgment should have been granted, because the evidence submitted conclusively proves all issues of material fact. (*Id*. at 7-8.) The court addresses these objections in turn.

Plaintiff's objection on the issue of prematurity appears to arise from a misunderstanding of this court's procedures.  Plaintiff is advised that there is no difference between a rejection, denial

6

or deletion of a Motion for Summary Judgment.[4] The Magistrate Judge recommended Plaintiff's Motion be denied as premature, because at the time, Plaintiff had not received authorization to serve his Complaint upon the Defendants. (ECF No. 16 at 3.)

The United States Court of Appeals for the Fourth Circuit emphasized the importance of permitting all parties adequate time for discovery before summary judgment motions can be considered. *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment *before* discovery forces the non-moving party into a fencing match without a sword or mask."). The court cannot consider a plaintiff's motion for summary judgment when the defendant has not appeared in the case. *See, e.g., Nat'l Liab. & Fire Ins. Co. v. Matt's Auto World Preowned Cars, LLC*, No. 3:14-CV-38, 2014 WL 5449677, at *2 (N.D.W. Va. Oct. 24, 2014) (denying summary judgment where discovery had not only not begun, "but the Defendants ha[d] not even appeared."). Regardless of any documentary proof supplied by Plaintiff, the procedures of this court require it to afford each party an opportunity to be heard. Therefore, it cannot consider a motion for summary judgment filed before Defendants have notice of the underlying dispute and an opportunity to respond to Plaintiff's allegations. Due to Plaintiff's *pro se* status, the court clarifies that despite the dismissal of Plaintiff's Motion for Summary Judgment as premature at this stage of litigation, Plaintiff remains at liberty to re-file his Motion once his Complaint is accepted and Defendants are properly served. Therefore, Plaintiff's Objection (ECF No. 18) on this ground is denied, and the court accepts Report I's recommendation that Plaintiff's Motion for Summary Judgment (ECF No. 15) be denied as premature.

---

[4] When the court cannot grant a Motion for Summary Judgment at a certain stage of the litigation, the proper terminology is that the Motion is denied. This does not mean that a plaintiff cannot re-file his motion at the proper time.

Plaintiff objects to Report II on two grounds. First, Plaintiff alleges he "did not abandon any federal claims." (ECF No. 30 at 10). Plaintiff explains the claims in his Amended Complaint arise under the "federal common law [of] fraud," and reiterates his claims under the Fair Credit Report[ing] Act and other federal statutes pleaded in his original Complaint. (*Id*.) Plaintiff also argues the court must specify the federal claims it seeks to dismiss from the case. (*Id*. at 11.) Finally, Plaintiff objects that Defendants are diverse because "Allwell from [Absolute Total Care], Upstate Carolina Radiology, and Thomas Stephens are citizens of the [State of] South Carolina [] and Receivable [M]anagement Group is a citizen of the State of Georgia." (*Id*. at 12.)

Plaintiff's first objection misunderstands the nature of his common law claims. Under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), federal courts must apply state substantive law in diversity cases. *Erie* effectively eliminated the federal substantive common law, including the common law causes of action alleged by Plaintiff. *See, e.g.,* ERWIN CHEMERINSKI, FEDERAL JURISDICTION 350 (7th ed. 2016). Under the *Erie* principle, "unless there is a federal constitutional, treaty, or statutory provision, state law controls all transactions." *Id.* Plaintiff's Amended Complaint alleges no such federal provision for his common law fraud claim. Therefore, Plaintiff's objection on this ground is denied because his substantive causes of action, including his common law fraud claim, arise under state law.

Plaintiff also misunderstands the purpose of his Amended Complaint. Confusingly, Plaintiff appears to accept "once an amended pleading is interposed, the original pleading no longer performs any function in the case." (ECF No. 30 at 10 (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2017).) Therefore, Plaintiff cannot refer to his original Complaint to revive the federal claims which he failed to list in his Amended Complaint.

Even if these claims are considered, they cannot survive. The court notes that in his lengthy discussion of various causes of action under state law in his Objection to Report II, Plaintiff refers to violations of federal statutes, including the FDCPA (ECF No. 30 at 24), the FCRA (*Id*. at 10), and the Medicare Act (*Id*. at 6).[5] As the Magistrate Judge explained at length, however, the Medicare and Medicaid Acts do not authorize enforcement through private causes of action. (ECF No. 20 at 5-7.) While a private cause of action exists under the FCRA and FDCPA, Plaintiff still has the responsibility of alleging how Defendants, through specific acts, violated these statutes (ECF No. 20 at 5-7.) Plaintiff's Amended Complaint, Objection to Report I, and Objection to Report II fail to address these deficiencies, and do not plead specific, cognizable claims under federal statutes which provide private causes of action. Therefore, Plaintiff's federal claims are dismissed. However, in light of Plaintiff's *pro se* status and misunderstanding of the nature of federal causes of action, the court will dismiss his federal claims under the FDCPA and FCRA without prejudice.[6]

Finally, Plaintiff's discussion of diversity jurisdiction demonstrates his misunderstanding of the requirements of complete diversity under 28 U.S.C. § 1332(a). Plaintiff appears to object that he established complete diversity because one defendant, Receivable Management Group, is a citizen of Georgia. (ECF No. 30 at 12.) However, complete diversity under § 1332(a) requires that no plaintiff be a citizen of the same state as any defendant. *Navy Fed. Credit Union v. LTD*

---

[5] Plaintiff also attempts to state various causes of action under federal criminal statutes and allege Defendants' conduct violated various criminal laws. (*See, e.g.*, ECF No. 30 at 14.) Plaintiff is advised that this is a civil action, and private parties may not bring suit under criminal statutes.

[6] Because the Medicare and Medicaid Acts provide no private cause of action (ECF No. 20 at 4), Plaintiff cannot state a cognizable claim for relief under these provisions. *See e.g.*, *Brogdon v. Nat'l Healthcare Corp*, 103 F. Supp. 2d 1322, 1340 (N.D. Ga. 2000) (The Medicare and Medicaid Acts do not expressly or implicitly "authorize private causes of action to enforce their provisions.") Therefore, these causes of action are dismissed with prejudice.

*Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020).  Here, Plaintiff claims he is a citizen of South Carolina (ECF No. 23 at 3), and Defendants Allwell, Stephens, and Upstate Carolina Radiology are also citizens of South Carolina.  (ECF No. 30 at 12.)  Therefore, because Plaintiff shares citizenship with at least one defendant, the complete diversity requirement of § 1332(a) is not satisfied.

A federal district court may exercise jurisdiction over two classes of cases: those "that "aris[e] under" federal law, § 1331, and those in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019).  The first class of cases falls under the "federal-question jurisdiction" of the federal courts.  *Id*.  The second class of cases falls under its "diversity jurisdiction." *Id.*

As discussed, Plaintiff failed to plead a sufficient factual basis for his federal claims in his numerous filings with the court.  Moreover, Plaintiff's allegations demonstrate Defendants do not meet the requirements of complete diversity under §1332(a) (ECF No. 30 at 12.)  Therefore, the court has no original jurisdiction over Plaintiff's Amended Complaint as pleaded, and cannot consider his supplemental state law claims.  Plaintiff's objection on this ground is thus denied.  The court accepts the Magistrate Judge's recommendation that Plaintiff's Amended Complaint be dismissed.  However, due to Plaintiff's *pro se* status, the court dismisses his state law claims and federal law claims under the FDCPA and FCRA without prejudice.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 15) as premature.  Moreover, the court **ACCEPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 27) and **DISMISSES** the federal law claims under the FDCPA and FCRA and all state law claims in Plaintiff's Amended Complaint (ECF No. 23) without prejudice.[7]

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 17, 2021
Columbia, South Carolina

---

[7] All other federal claims in Plaintiff's Complaint, Amended Complaint, and Objections to Report I and Report II are dismissed with prejudice.

11